### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF: | CASE NO.  10-10705 (SEK) |
| **A. CORDERO BADILLO, INC.,** | CHAPTER 11 |
| Debtor. | |
| **CENTRAL PRODUCE EL JIBARITO, INC.,** | INDEX: |
| Movant, | |
| v. | |
| **A. CORDERO BADILLO, INC.,** | |
| Respondent. | |

### MOTION (1) FOR RELIEF FROM AUTOMATIC STAY AND (2) FOR TURNOVER OF PROPERTY NOT PART OF DEBTOR'S ESTATE

**TO THE HONORABLE COURT:**

By counsel, creditor Central Produce El Jibarito ("Central Produce"), respectfully represents and prays as follows:

Central Produce requests this Honorable Court for relief from the automatic stay and for turnover of property not part of debtor A. Cordero Badillo's ("debtor") estate in this case pursuant to section 362 of the Bankruptcy Code, 11 U.S.C. § 362, Federal Rule of Bankruptcy Procedure 4001(a), Fed. R. Bankr. P. 4001(a) and Local Bankruptcy Rule 9013, P.R. LBR 9013.

### JURISDICTION AND VENUE

-2-

1.    The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the debtor's chapter 11 case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

2.    The statutory predicates for the relief requested herein are section 362 of the Bankruptcy Code, 11 U.S.C. § 362 and the Perishable Agricultural Commodities Act ("PACA") of 1930, as amended, 7 U.S.C. §§ 499a *et. seq.*

## BACKGROUND FACTS

3.    Between April 21, 2008 and October 15, 2010, plaintiff sold and delivered to debtor, in interstate commerce, a quantity of perishable agricultural commodities worth $167,870.01 ("Commodities"). A Certified Aging Report and Statement of Account as of November 1, 2010, describing all invoices, is attached hereto as **Exhibit A**.

4.    The Commodities were received on the same date that Central Produce issued the corresponding invoices to debtor. All of the invoices sent to debtor prominently stated and contracted between the parties, in a written manner, that the amounts were due, demandable and payable in fifteen (15) days net from receipt of invoice. An example of one of the hundreds of invoices sent to debtor with the standard stipulation is attached hereto as **Exhibit B**.

5. The invoices also included the language required by PACA, which notified Central Produce's intent to constitute the PACA Trust upon the sold Commodities. The language included was the following: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

6. The Commodities were accepted by debtor, and Central Produce became a beneficiary in the PACA Trust, which consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of debtor since the creation of the PACA Trust.

7. Central Produce preserved its interest in the PACA Trust in the amount of $167,870.01 and remains a beneficiary until full payment is made for the Commodities.

8. Debtor's failure, refusal, and admitted inability to pay Central Produce for the Commodities sold demonstrates that it has failed to maintain sufficient assets on the constituted PACA Trust, and is dissipating the PACA Trust's assets. A true

and correct copy of demand letter sent to debtor is attached
hereto as **Exhibit C** and incorporated herein by reference.

9.   On November 12, 2010, debtor filed a voluntary
petition for relief under chapter 11 of the Bankruptcy Code.
Debtor continues to operate its business and manage its
properties as debtor-in-possession pursuant to section 1107(a)
and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 1107(a) and 1108.

10.   No trustee, examiner, creditors' committee, or other
official committee has been appointed in the debtor's chapter 11
case.

### RELIEF REQUESTED

11.   PACA was enacted in 1930 to "primarily to eliminate
unfair practices in the marketing of perishable agricultural
commodities in interstate commerce" and it "requires buyers to
make "full payment promptly" for all commodities received from
produce sellers". Movsovitz & Sons of Florida, Inc. v. Axel
González, Inc., 367 F.Supp.2d 207, 212 (DPR 2005).

12.   In 1984, PACA was amended to provide "for the creation
of a statutory trust whenever produce is delivered and unpaid by
the Buyer". Movsovitz, *supra*, at page 212.  Said statutory trust
is imposed on all produce-related assets, such as the produce
itself or other products derived therefrom, as well as any
receivables or proceeds from the sale thereof, held by
agricultural merchants, dealers, and brokers ("PACA Trust").  *See*
Section 499e(c)(2) of PACA; Hiller Cranberry Products v.

Koplovsky, 165 F.3d 1, 4-5 (1st Cir. 1999); and Movsovitz, *supra*,
at pages 212-213.

13.  The PACA Trust must be maintained for the benefit of the
unpaid suppliers, sellers, or agents who provided the commodities
until full payment has been made. Failure to maintain the PACA
Trust and make full payment promptly to the beneficiary
constitutes an unlawful act.  *See* Section 499b(4) of PACA.

14.  Consequently, a debtor is required to maintain the PACA
Trust "in a manner that such assets are freely available to
satisfy outstanding obligations to sellers of perishable
agricultural commodities", and any act or omission that violates
such disposition, constitutes an unlawful dissipation of the PACA
Trust assets, and a proscribed act.  *See* 7 C.F.R. § 46.46(e)(1).

15.  In addition, any individual, whether he is an
employee, officer or shareholder of a dealer corporation, "who
is in the position to control the trust assets and who does not
preserve them for the beneficiaries has breached a fiduciary
duty, and is personally liable for that tortuous act". Hiller
Cranberry, *supra*, at Page 9.  *See also*, Sunkist Growers v.
Fisher, 104 F.3d 280, 283 (9th Cir. 1997).

16.  Furthermore, the PACA trust imposes liability on a
corporation or a controlling person of that corporation, who
uses the trust assets for any purpose other than repayment of
the supplier, even if the use of the proceeds from the sale of
perishables was used for "legitimate business expenditures, such

as the payment of rent, payroll, or utilities. Proceeds from the sale of perishables subject to PACA receive special treatment in other respects as well. Thus, a PACA beneficiary has priority over any secured creditor on the purchaser's commodity-related assets to the extent of the amount of his claim". Hiller Cranberry, *supra*, at page 9.

17. In essence, PACA creates a trust in favor of the seller of the unpaid goods which is superior to the interest of the buyer's secured lender. One result is that the res of the trust is subject to the seller's lien and never becomes part of the buyer's estate in the event of the buyer's bankruptcy. Hiller Cranberry, *supra*, at page 5. *See also* In re Ozcelik, 267 B.R. 485 (Bankr. D. Mass. 2001) ("In the event of bankruptcy, such trust funds are not property of the bankruptcy estate and are not available to non-PACA creditors."), and In re Melon Produce, 1994 Bankr. LEXIS 520 (Bankr. D. Mass. Mar. 31, 1994) ("The trust is for the benefit of unpaid suppliers and, thus, the assets included in the trust are not property of the estate."). (Emphasis added).

18. A PACA creditor's interest in the PACA trust assets is superior to any other creditor's interest, as well as any existing administrative claim. *See* B.C. Produce, Inc. v. G & G Lambert, Inc., 2003 U.S. Dist. LEXIS 15914 (D. Mass. Sept. 12, 2003) ("...[i]f the debtor...becomes bankrupt, the PACA trust assets are exempt from the bankruptcy estate and take priority

over secured creditors as well as administrative claims which

normally come first in a distribution.”). (Emphasis added).

19. Section 362(d)(1) of the Bankruptcy Code reads as

follows:

> **§ 362.  Automatic stay**
>
> (d) On request of a party in interest and
> after notice and a hearing, the court shall
> grant relief from the stay provided under
> subsection (a) of this section, such as by
> terminating, annulling, modifying, or
> conditioning such stay --
>
>> (1) for cause, including the lack of
>> adequate protection of an interest in
>> property of such party in interest;

20. Given debtor's failure to preserve the PACA trust

assets as required by law, and that said assets do not

constitute property of the estate, Central Produce is entitled

as a PACA creditor to the lifting of the bankruptcy stay, so

that this Court consequently order the turnover of said property

to Central Produce through immediate payment of the trust funds

up to the amount of its interest in the PACA trust.

21. As discussed hereinbefore, debtor currently owes

Central Produce a total amount of $167,870.01.

**WHEREFORE,** Central Produce prays this Court to grant the

following:

(a) To grant it relief from the automatic stay;

(b)   To order debtor to turnover and pay Central Produce its

      interest in the PACA trust assets, amounting to

      $167,870.01; and,

(c)   To grant it all such other and further relief as may be

      deemed proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on November 16, 2010.

**NOTICE OF RESPONSE TIME**

      Within fourteen (14) days after service as evidenced by the
certification, and an additional three (3) days pursuant to Fed.
R. Bank. P. 9006(f) if you were served by mail, any party against
whom this paper has been served, or any other party to the action
who objects to the relief sought herein, shall serve and file an
objection or other appropriate response to this paper with the
Clerk's office of the U.S. Bankruptcy Court for the District of
Puerto Rico. If no objection or other response is filed within the
time allowed herein, the paper will be deemed unopposed and may be
granted unless: (i) the requested relief is forbidden by law; (ii)
the requested relief is against public policy; or (iii) in the
opinion of the Court, the interest of justice requires otherwise.

      **CERTIFICATE OF SERVICE:** I hereby certify that on this same
date the foregoing motion was filed with the Clerk of the Court
using the CM/ECF system, which will send notification of such
filing to all CM/ECF participants.

                                   **DUQUELA & ZAPATA, LLP**
                                   Attorneys for Central Produce
                                   The Hato Rey Center, Suite 515
                                   268 Ponce de León Avenue
                                   San Juan, Puerto Rico 00918
                                   Tel: (787)522-0518
                                   Fax: (787)522-0519
                                   E-Mail: jdf@dzprlaw.com


                                   By: *s/Juan L. Duquela Fuentes*
                                        JUAN L. DUQUELA FUENTES
                                        USDC-PR No. 219112