**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>A. CORDERO BADILLO, INC.<br><br>Debtor | CASE NO. 10-10705 (SEK)<br><br>CHAPTER 11 |
| CENTRAL PRODUCE EL JIBARITO, INC.<br><br>Movant<br><br>v.<br><br>A. CORDERO BADILLO, INC.<br><br>Respondent | INDEX |

**ANSWER TO MOTION (1) FOR RELIEF FROM AUTOMATIC STAY AND (2) FOR TURNOVER OF PROPERTY NOT PART OF DEBTOR'S ESTATE**

**TO THE HONORABLE COURT:**

COMES NOW Debtor through its undersigned counsel and answers Central Produce El Jibarito, Inc.'s ("Central Produce") motion for relief from the automatic stay and for turnover of property (the "Motion"), as follows:

1. Of paragraph one (1) of the Motion, Debtor accepts that this Court has jurisdiction over the Motion as to the relief from automatic stay, pursuant to 28 U.S.C.§§ 157 and 1334, and affirmatively avers that Central Produce's request for turnover of property must be processed through an adversary proceeding pursuant to Rule 7001(a). With the same qualification, Debtor admits that venue of Debtor's Chapter 11 proceedings and of the Motion lies properly with the Court, pursuant to 28 U.S.C. §§1408 and 1409, and that the Motion arises as a core proceeding.

A. Cordero Badillo, Inc.                                                                                         Case No. 10-10705 (SEK)
*Answer to Motion (1) for Relief from Automatic Stay and*
*(2) for Turnover of Property not Part of Debtor's Estate*                                                                   *Page 2*

2. Since paragraph two (2) of the Motion is devoid of any allegations and merely consists of a statement of the law pursuant to which the Motion is filed, the same does not require a responsive pleading on Debtor's part.

3. Of paragraph three (3) of the Motion, Debtor admits that between April 21, 2008 and October 15, 2010, Central Produce sold and delivered to Debtor perishable agricultural commodities and that an aging report as of November 1, 2010, describing invoices, is attached as Exhibit A to the Motion, and denies the remaining averments of said paragraph.

4. For lack of sufficient knowledge or information on which to form a belief, of paragraph four (4) of the Motion, Debtor denies that the commodities were received on the same date that Central Produce issued the corresponding invoices to Debtor. Debtor admits that as Exhibit B to the Motion, Central Produce included a copy of one (1) invoice forwarded to Debtor and denies the remaining averments of said paragraph.

5. Of paragraph five (5) of the Motion, Debtor admits that Exhibit B to the Motion contains the language set forth therein and for lack of knowledge or information on which to firm a belief denies the remaining allegations of said paragraph.

6. Of paragraph six (6) of the Motion, Debtor admits that commodities sold thereto by Central Produce were accepted by Debtor and denies the remaining averments of said paragraph for, *inter alia*, constituting conclusions of law.

7. Debtor denies the averments of paragraph seven (7) of the Motion for, *inter alia*, constituting conclusions of law.

Case:10-10705-SEK11 Doc#:33 Filed:11/29/10 Entered:11/29/10 17:23:05 Desc: Main
Document Page 3 of 5

A. Cordero Badillo, Inc.     Case No. 10-10705 (SEK)
*Answer to Motion (1) for Relief from Automatic Stay and*
*(2) for Turnover of Property not Part of Debtor's Estate*     *Page 3*

8. Of paragraph eight (8) of the Motion, Debtor admits that Exhibit C to the Motion is a true and correct copy of a letter sent to Debtor and denies the remaining allegations of said paragraph.

9. Debtor admits the allegations of paragraphs nine (9) and ten (10) of the Motion.

10. Debtor admits the allegations of paragraphs eleven (11), twelve (12), thirteen (13), fourteen (14) and fifteen (15) of the Motion.

11. Of paragraph sixteen (16) of the Motion, Debtor admits that proceeds from the sale of perishables subject to the Perishable Agricultural Commodities Act ("PACA") receive special treatment and that a PACA beneficiary has priority over any secured creditor on the purchaser's commodity related assets to the extent of the amount of his claim and denies the remaining averments of said paragraph in the manner in which they have been drafted.

12. Debtor admits the averments of paragraph seventeen (17) and eighteen (18) of the Motion.

13. Since paragraph nineteen (19) of the Motion is a statement of the provisions of 11 U.S.C. §362(d) the same does not require any allegation on Debtor's part.

14. Debtor denies the averments of paragraph twenty (20) of the complaint and that Central Produce is entitled to the remedy requested therein.

15. Debtor denies the allegations of paragraph twenty one (21) of the Motion.

A. Cordero Badillo, Inc.            Case No. 10-10705 (SEK)
*Answer to Motion (1) for Relief from Automatic Stay and*
*(2) for Turnover of Property not Part of Debtor's Estate*      *Page 4*

## DEFENSES

16. Debtor has no produce related assets or funds in its possession impressed by a trust in favor of Central Produce the PACA trust is imposed on the produce itself, and receivables and proceeds generated therefrom. *Hiller Cranberry Products, Inc. v. Koplovsky*, 106 F. Supp. 2d. 146, 149 (D. Mass 2010).

17. Debtor is not a commission merchant, dealer or broker subject to PACA. 7 U.S.C.§e(c)(3).

18. Assuming in arguendo that Debtor would be subject to PACA and in possession of trust funds, such funds would remain subject to the control of the Court. *In re Ozcelik,* 267 B.R. 485 (Bkrtcy. D.Mass. 2001).

19. Under said assumption, Debtor would hold legal title to PACA trust funds or assets, Central Produce retaining an equitable interest thereon pending full payment.

20. Central Produce did not perfect its interest in the PACA statutory trust by timely notifying Debtor of its intent to preserve the benefits thereof until receipt of payment in full and failed to file the required notice with the Secretary of Agriculture. *C.H. Robinson Co. v. Alanco Corp.* 239 F.3d. 483, 486(2nd Cir. 2001); 7 U.S.C. §499e (c)(2); 7 U.S.C.§499e (c)(3); 7 CFR 46.46 (f)(2).

**WHEREFORE**, it is respectfully requested that the Motion be denied.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants

A. Cordero Badillo, Inc.     Case No. 10-10705 (SEK)
*Answer to Motion (1) for Relief from Automatic Stay and*
*(2) for Turnover of Property not Part of Debtor's Estate*     *Page 5*

San Juan, Puerto Rico, this 29th day of November, 2010.

*s/* **CHARLES A. CUPRILL-HERNANDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street - Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-Mail: ccuprill@cuprill.com

Case:10-10705-SEK11 Doc#:33 Filed:11/29/10 Entered:11/29/10 17:23:05 Desc: Main Document Page 5 of 5

A. Cordero Badillo, Inc.     Case No. 10-10705 (SEK)
*Answer to Motion (1) for Relief from Automatic Stay and*
*(2) for Turnover of Property not Part of Debtor's Estate*     *Page 5*