IN THE UNITED STATES BANKRUPTCY COURT
IN THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 10-10705-SEK11 |
| A. Cordero Badillo, Inc. | Chapter 11 |
| Debtor | Index _____ |
| United Surety & Indemnity Company | ( ) of acts against property |
| Movant | (x) of other acts under 11 USC 362(d)(1) |
| v. | |
| A. Cordero Badillo, Inc. | ( ) of codebtor stay under 11 USC 1201(c)(2) or 1301 (c)(2) |
| Respondent | |

**MOTION REQUESTING RELIEF OF AUTOMATIC STAY TO CANCEL SURETY BONDS**

TO THE HONORABLE COURT:

COMES NOW, **UNITED SURETY & INDEMNITY COMPANY**, hereinafter USIC, a party in interest as the surety of Debtor, through its undersigned counsel and very respectfully states, alleges and prays:

**I. JURISDICTION AND VENUE**

1. The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. sec. 1334(b); 28 U.S.C. secs. 157b(2)(G); and Local Rule 77.2. Venue before this court is proper pursuant to 28 U.S.C. sec. 1409. This is a core proceeding arising under Chapter 11 of the Bankruptcy Code.

**II. THE PARTIES**

2. USIC is an Insurance Company organized under the laws of the Commonwealth of Puerto Rico duly authorized by the Office of the Commissioner of Insurance to issue insurance policies and surety bonds within this jurisdiction with its main offices located at B-7 Calle Tabonuco, Suite 1201, Guaynabo, Puerto Rico 00968-3003.

3. A. Cordero Badillo, Inc., hereinafter Debtor, is a corporation organized under the laws of Puerto Rico with its main offices located at Barrio Sabana, Cataño, Puerto Rico.

### III. FACTUAL BACKGROUND

4. On October 25 and 29, 1991 respectively, USIC issued bonds number 914080 ("Bond A") and 914127 ("Bond B") (collectively the "Bonds") on behalf of the Debtor. **See, Exhibits 1 and 2**.

5. The Bonds have subsequently been renewed through "Continuation Certificates" issued on a yearly basis and are currently in effect.

6. The Bonds guarantee Debtor's payment of the electric power service rendered by the Puerto Rico Electric Power Authority, hereinafter PREPA, to the following locations:

<u>Location</u>                                                                                         <u>Limit</u>

<u>Bond A</u>

1) Centro Comercial Reparto Metropolitano,

Motion Requesting Relief of Automatic Stay…
Case No. 10-10705
Page   - 3 -

    Ave. Americo Miranda, Río Piedras PR

2) 65 de Infantería Shopping Center,
   Ave. 65 de Inf., Río Piedras PR

3) Eastern Regional Shopping Center,
   PR-3 Km 45.9, Fajardo PR

4) Victory Shopping Center PR-167
   Km 4.5, Bayamón PR

5) Ave. Rodríguez Olmo, Bo. Tanama
   Arecibo PR

6) Ave. Los Canos Carr. #28 Centro
   Mercantil, Guaynabo PR (almacén)

7) Ave. Ponce de León #52
   Bo. Sabana, Guaynabo PR

8) Carr. #3 Esq. Ave. Roberto Clemente
   Carolina PR

9) Centro Comercial San Cristóbal
   Ruta 156, Km 17.3, Barranquitas PR

| | |
|---|---|
| Original Limit | $930,000.00 |
| 10) Carr. #155 Km 31.2, Bo. Gatos Orocovis PR | $20,250.00 |
| 11) Plaza Coamo Shopping Center Carr. #153, Km 13.7, Coamo PR | $45,000.00 |
| 12) Lago Alto Plaza, Carr. #181 Km 4.4 Intersección #876, Bo.Cuevas Trujillo Alto PR (1er contador) | $99,000.00 |
| 13) Lago Alto Plaza, Carr. #181 Km 4.4 Intersección #876, Bo.Cuevas Trujillo Alto PR (2do contador) | $9,000.00 |
| 14) Ave. Los Canos / Centro Mercantil Guaynabo PR | $30,500.00 |
| 15) Plaza Cedro Abajo / Carr. PR-152, | $45,500.00 |

Motion Requesting Relief of Automatic Stay…
Case No. 10-10705
Page  - 4 -

| | |
|---|---:|
| Km 16.0, Cedro Abajo, Naranjito PR | |
| 16) Carr. #2, Km 15.9,<br>Bo. Hato Tejas, Bayamón PR | $54,000.00 |
| Sub-total | $1,233,250.00 |

Bond B

| | |
|---|---:|
| 25) Ave. Los Canos / Centro Mercantil<br>Guaynabo PR | $1,000.00 |
| TOTAL: | $1,234,250.00 |

7. Paragraph number 7 of the Bonds provides that USIC may cancel them at any time upon sixty-days written notice to PREPA.

8. The Bonds were issued in consideration to Debtor's prior execution of a General Agreement of Indemnity in favor of USIC, hereinafter the GAI. **See, Exhibit 3**.

9. Pursuant to the GAI, the Debtor is contractually bound to pay a continuous yearly premium for the Bonds and to indemnify and hold USIC harmless. Were USIC compelled to pay PREPA under the Bonds, then it would become subrogated to its rights against the Debtor.

10. On November 12, 2010, Debtor filed the instant petition for Chapter 11 Bankruptcy.

11. Under Schedule F, the Debtor acknowledged that it owes to PREPA an amount of not less than $3,457,239.89.

### IV. CAUSE OF ACTION

12. Pleadings one (1) to eleven (11) are incorporated by reference.

Motion Requesting Relief of Automatic Stay…
Case No. 10-10705
Page - 5 -

13. Section 362(a)(3) of the Bankruptcy Code, 11 U.S.C. §362(a)(3), operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

14. Section 541 of the Bankruptcy Code, 11 U.S.C. §541, provides, in its pertinent part, that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

15. However, "[t]he overwhelming weight of authority under both the Bankruptcy Act and Code holds that a contractor has no property interest in a surety bond issued by a third-party to guarantee the contractor's performance on its commercial or personal services contracts." See, O'Malley v. Lockard, 884 F.2d 1171 (10th Cir. 1989). Consequently, the cancellation of the Bonds does not violate the automatic stay.

16. Even if the Bonds were deemed to be property of the Bankruptcy estate, which is denied, they would not be assumable contracts.

17. To that end, Section 365(c)(2) of the Bankruptcy Code, 11 U.S.C.A. §365(c)(2), provides that the trustee may not assume an executory contract "to make a loan or extend other debt

Motion Requesting Relief of Automatic Stay…
Case No. 10-10705
Page  - 6 -

financing or financial accommodations, to or for the benefit of the debtor".

18. Guarantee agreements are executory contracts to make financial accommodations for the benefit of the debtor. In re Edwards Mobile Home Sales, Inc., 119 B.R. 857, 859 (Bkrtcy. M.D. Fla. 1990). Accordingly, surety bonds cannot be assumed pursuant to Section 365(c)(2). Id.

19. In In re Adana Mortgage Bankers, Inc., 12 B.R. 977, 986 (Bkrtcy. N.D. Ga. 1980), the Court held that since the debtor-in-possession is prohibited from assuming or assigning obligations under surety agreements, there is no contractual or legal reason to prevent sureties from terminating them. To that end, the Court stated: "Termination is the inevitable final disposition of these Agreements as allowed under Section 365(e)(2), unless [the surety] consents to their assumption..."). Id. In this case, USIC does not consent to the Bonds' assumption. To the contrary, it requests an order authorizing a lift of stay to cancel them.

20. Moreover, Section 362 (d) of the Bankruptcy Code, 11 U.S.C. §362(d), sets forth in its pertinent part, that on request of a party in interest the court shall grant relief from the stay for cause, including the lack of adequate protection of an interest in property of such party in interest. Moreover, under subsection 2 of the aforementioned section, it provides that with

Motion Requesting Relief of Automatic Stay...
Case No. 10-10705
Page  - 7 -

respect to a stay of an act against property of the Bankruptcy Estate, the court shall grant relief from the stay if the debtor: (A) does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

21. Under Schedule F, the Debtor acknowledged that it owed the amount of $3,457,239.89 to PREPA due to unpaid electric power services. Said debt was classified as uncontingent, liquidated, and undisputed.

22. Consequently, the debtor's admitted prepetition debt to PREPA due to electrical power services more than doubles the limit of the guarantee provided under the Bonds. Hence, the Debtor lacks any equity over the Bonds.

23. Under that scenario, the Bonds can no longer be used to provide the security necessary for an effective reorganization.

24. Based in the foregoing, there exists cause to grant the lifting of the automatic stay under Section 362(d)(1) of the Bankruptcy Code, 11 U.S.C.A. §362(d)(1), to allow USIC to cancel the Bonds.

**WHEREFORE**, USIC respectfully moves this Honorable Court for an order relieving it from the stay under Section 362(d)(1) of the Bankruptcy Code, to allow it to cancel the Bonds and any other further relief as it may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all CM/ECF participants and send a copy by certified mail to: **A. Cordero Badillo, Inc.**, PO Box 458, Cataño, PR 00963; to Debtor's Attorney, **Charles Alfred Cuprill, Esq.**, 356 Calle Fortaleza Second Floor, San Juan, PR 00901; to the **Puerto Rico Electric Power Authority**, Opinion Division, PO Box 363928, San Juan, PR  00936-3928; to the Trustee, **Monsita Lecaroz Arribas**, Ochoa Building - Suite 301, 500 Tanca Street, San Juan, PR 00901; to the **U.S. Trustee Offices**, Ochoa Bldg. - Suite 301, 500 Tanca Street, San Juan, PR  00901; **De La Cruz & Asc, Inc.**, c/o Jorge Prats - Chief Operating Officer, PO Box 11885, San Juan PR 00922-1185; **Pepsi Cola Puerto Rico Distributing, LLC**, c/o José M. Maldonado-Director of Finance, 10269 Whitewater Lily Ln., Baytown Beach, FL 33437; **Mi Pan Asociados, Inc.**, c/o Alejandro Rivera-CPA, Ponce de León Ave., Mercantil Bldg., Suite 819, Hato Rey PR 00918; **V. Suárez y Co**, c/o Edgardo Conty-Credit Director, PO Box 364588, San Juan PR 00936-4588; **Marvel International, Inc.**, c/o José Álvarez Suárez, Esq.-Chief Financial Officer, PO Box 363306, San Juan PR 00936; **Droguería Betances, Inc.**, c/o Raúl Rodríguez, PO Box 368, Caguas PR 00726-0368; **Kraft Foods Puerto Rico / Cadbury Adams Puerto Rico**; c/o Carlos Sotero-Supervisor, City View Plaza, Suite 412, 48 Road 165, Guaynabo PR 00968-8033.

In San Juan, Puerto Rico, this 17th day of December, 2010.

/s/ JOSÉ A. SÁNCHEZ GIRONA
USDC-PR #222310
Attorney for USIC

**SALDAÑA & SALDAÑA-EGOZCUE, PSC**
Popular Center Building
208 Ponce de León Avenue Suite 1420
San Juan, Puerto Rico 00918-1050
Telephones: (787) 758-7565/(787) 753-4646
Telecopiers: (787) 767-5011/(787) 753-4747
E-mail: jose.sanchez@saldanalaw.com

188-2201

Department of Defense Manpower Data Center                                    Dec-16-2010 13:03:05



Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| A. CORDERO BADILLO, INC. | | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*

_____
Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

https://www.dmdc.osd.mil/appj/scra/popreport.do                                          12/16/2010

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:2DPA9AG0CV