# UNITED SURETY INDEMNITY COMPANY

SAN JUAN, PUERTO RICO

## GENERAL AGREEMENT OF INDEMNITY

This Agreement of Indemnity, made and entered into this 25th day of November 19 91, by the following individuals, partnerships and/or corporations, **A. CORDERO BADILLO, INC., EMPRESAS CORDERO BADILLO SPRINGHOUSE CORPORATION (SUBSIDIARY OF A. CORDERO BADILLO, INC. ATUE REAL ESTATE, S. E. (A SPECIAL PARTNERSHIP)**

(individually and collectively hereinafter called Principals), who intend to assume the obligations of Principals, as noted in this Agreement, with respect to any surety bond, undertaking or instrument of guarantee (hereinafter called Bonds) issued, before or after the date of this Agreement, by UNITED SURETY & INDEMNITY COMPANY (hereinafter called Surety) on behalf of such Principals and all of the above listed Principals (hereinafter called Indemnitors in this secondary capacity), jointly and severally, also intend to assume the obligations of Indemnitors, as noted in this Agreement, with respect to any and all Bonds issued by the Surety on behalf of any and all Principals.

### WITNESSETH

WHEREAS, the Principals, in the performance of contracts and the fullfillment of obligations generally, whether in their own names solely or as co-adventurers with others, may desire, or be required to give or procure certain Bonds, and to renew, or continue or substitute the same from time to time; or new Bonds with the same or different penalties, and/or conditions, may be desired or required, in renewal, continuation, extension or substitution thereof, or the Principals or Indemnitors may request the Surety to refrain from cancelling said Bonds; and,

WHEREAS, at the request of the Principals and the Indemnitors and upon the express understanding that this Agreement of Indemnity be given, the Surety has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said Bonds on behalf of the Principal; and

WHEREAS, the Indemnitors have a substantial, material and beneficial interest in the obtaining of the Bonds or in the Surety's refraining from cancelling said Bonds.

NOW, THEREFORE, in consideration of the premises the Principals and Indemnitors for themselves, their heirs, executors, administrators, successors and assigns jointly and severally, hereby convenant and agree with the Surety, its successors and assigns as follows:

1. **PREMIUMS**—The Principals and Indemnitors will pay to the Surety in such manner as may be agreed upon all premiums and charges of the Surety for the Bonds in accordance with its rate filings, its manual of rates, or as otherwise agreed upon, until the Principals or Indemnitors shall serve evidence satisfactory to the Surety of its discharge or release from the Bonds and all liability by reason thereof.

2. **INDEMNITY**—The Principals and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Principals or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Principals and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of reserve set by the Surety. In the event of any payment by the Surety the Principals and Indemnitors further agree that in any accounting between the Surety and the Principals, or between the Surety and the Indemnitors, or either or both of them the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed, and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

3. **ASSIGNMENT**—The Principals, the Indemnitors hereby consenting, will assign, transfer and set over, and do hereby assign, transfer and set over to the Surety, as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Principal to the Surety, whether heretofore or hereafter incurred, the assignment in the case of each contract to become effective as of the date of the Bond covering such contract, but only in the event of (1) any abandonment, forfeiture or breach of any cotnracts referred to in the bonds or of any breach of any said Bonds, or (2) of any breach of the provisions of any of the paragraphs of this Agreement; or (3) of a defaults in discharging such other indebtedness or liabilities when due; or (4) of any assignment by the Principal for the benefit of creditors, or of the appointment, or of any application for the appointment, of a receiver or trustee for the Principal whether insolvent or not; or (5) of any proceeding which deprives the Principal of the use of any of the machinery, equipment, plant, tools or material referred to in section (b) of this paragraph, or (6) of the Principal's dying, absconding, disappearing, incompetency, being convicted of a felony, or imprisoned if the Principals be an individual (a) All the rights of the Principals in, and growing in any manner out of, all contracts referred to in the Bonds, or in, or growing in any manner out of the Bonds; (b) All the rights, title and interest of the Principal in and to all machinery, equipment, plant, tools and materials which are now, or may hereafter be, about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the Bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all said sites, (c) All the rights, title and interest of the Principal in and to all subcontract let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts; (d) All actions, causes of actions, claims and demands whatsoever which the Principals may have or acquire against any subcontractor, laborer or materialman, or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools, other equipment in connection with or on account of any and all contracts referred to in the Bonds; and against any surety or sureties of any subcontractor, laborer or materialman, (e) Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Principal has an interest

4. **UNIFORM COMMERCIAL CODE**—This Agreement shall constitute a Security Agreement to the Surety and also a Financing Statement, both in accordance with the provisions of the Uniform Commercial Code of every jurisdiction wherein such Code is in effect and may be so used by the Surety without in any way abrogating, restricting or limiting the rights of the Surety under this Agreement or under law, or in equity. A carbon, photographic or other reproduction of this Agreement may be filed as a Financing Statement.

5. **TAKEOVER**—In the event of any breach or default asserted by the obligee in any said Bonds, or the Principals have abandoned the work on or forfeited any contract or contracts covered by any said Bonds, or have failed to pay obligations incurred in connection therewith, or in the event of the death, disappearance. Principals conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Principals, or the appointment of a receiver or trustee for the Principals, or the property of the Principals, or in the event of an assignment for the benefit of creditors of the Principals, or if any action is taken by or against the Principals under or by virtue of the National Bankruptcy Act, or should reorganization or arrangement proceedings be filed by or against the Principals under said Act, or if any action is taken by or against the Principals under the insolvency laws of any state, possession, or territory of the United States the Surety shall have the right, at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Principals and Indemnitors to complete or arrange for the completion of the same, and the Principals and Indemnitors shall promptly upon demand pay to the Surety all losses, and expense so incurred.

6. **CHANGES**—The Surety is authorized and empowered, without notice to or knowledge of the Indemnitors to assent to any change whatsoever in the Bonds, and/or any contracts referred to in the Bonds, and/or in the general conditions, plans and/or specifications accompanying said contacts, including, but not limited to, any change in the time for the completion of said contracts and to payments or advances thereunder before the same may be due, and to assent to or take any assignment or assignments to execute or consent to the execution of any continuations, extensions or renewals of the Bonds and to execute any substitute (s) or therefor, with the same or different conditions, provisions and obligees and with the same or larger or smaller penalties, it being expressly understood and agreed that the Indemnitors shall remain bound under the terms of this Agreement even though any such assent by the Surety does or might substantially increase the liability of said Indemnitors.

7. **ADVANCES**—The Surety is authorized and empowered to guarantee loans, to advance or lend to the Principals any money, which the Surety may see fit, for the purpose of any contracts referred to in, or guaranteed by the Bonds; and all money expended in the completion of any such contracts by the Surety, or lent or advanced from time to time to the Principals, or guaranteed by the Surety for the purposes of any such contracts, and all costs, and expenses incurred by the Surety in relation thereto, unless repaid with legal interest by the Principals to the Surety when due, shall be presumed to be a loss by the Surety for which the Principal and the Indemnitors shall be responsible notwithstanding that said money or any part thereof should not be so used by the Principals.

8. **BOOKS AND RECORS**—At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated the Surety shall have the right to reasonable access to the books, records, and accounts of the Principals and Indemnitors, and any bank depository, materialman supply house, or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Principals, the condition of the performance of such contracts and payments of accounts.

9. **DECLINE EXECUTION**—Unless otherwise specifically agreed in writing, the Surety may decline to execute any Bond and the Principals and Indemnitors agree to make no claim to the contrary in consideration of the Surety.s receiving this Agreement, and if the Surety shall execute a Bid or Proposal Bond, it shall have the right to decline to execute any and all of the bonds that may be required in connection with any award that may be made under the proposal for which the Bid or Proposal Bond is given and such declinations shall not diminish or alter the liability that may arise by having executed the Bid or Proposal Bond.

10. **NOTICE OF EXECUTION**—The Indemnitors hereby waive notice of the execution of such Bonds and of the acceptance of this Agreement, and the Principals and the Indemnitors hereby waive all notice of any default, or any other act or acts giving rise to any claim under said Bonds, as well as notice of any and all liability of the Surety under said Bonds, and any and all liability on their part hereunder, to the end and effect that the Principals and the Indemnitors shall be and continue liable hereunder notwithstanding any notice of any kind to which they might have been or entitled and notwithstanding any defenses they might have been entitled to make.

11. **SETTLEMENTS**—The Surety shall have the right to adjust settle or compromise any claim demand, suit or judgment upon the Bonds unles the Principals and the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit or to appeal from such judgement, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgements rendered or that may be rendered, with interest, costs, expenses and attorneys fees, including these of the Surety

12. **SURETIES**—In the event the Surety procures the execution of the Bonds by other sureties or executes the Bonds will co-sureties, or reinsures any portion of said Bonds with reinsuring sureties, then all the terms and conditions of this Agreement shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

13. **SUITS**—Separate suits may be brought hereunder as causes of action accure, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

14. **OTHER INDEMNITY**—The Principals and the Indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have from time to time heretofore or hearealter, with or without notice to or knowledge of the Principals and the Indemnitors, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the Principals or Indemnitors or others, it being expressly understood and agreed by the Principal and the Indemnitors that any and all other rights which the Surety may have or acquire against the Principals and the Indemnitors and/or others under any such other or additional agreements of indemnity or collateral shall be in addition to and not in lieu of, the rights afforded the Surety under the Agreement.

15. **INVALIDITY**—In case any of the parties mentioned in this Agreement fail to execute the same or in case the execution hereof by any of the parties be defective or invalid for any reason such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed. It is understood and agreed by the Principals and indemnitors that the rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to, and not in lieu of any and all other rights, powers, and remedies which the Surety may have or acquire against the Principals and Indemnitors or others whether by the terms of any agreement or by operation of law or otherwise.

16. **ATTORNEY IN FACT**. The Principals and Indemnitors hereby nominate, constitute and appoint the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all the rights of the Principals and Indemnitors assigned, transferred and set over to the Surety in this Agreement, and in the name of the Principals and Indemnitors to make, execute, and deliver any and all additional or other assignments, documents or papers deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Principals and Indemnitors hereby ratify and confirm all acts and actions taken and done by the Surety and such attorney-in-fact.

IN TESTIMONY WHEREOF, the indemnitors have hereunto set their hands and affixed their seals this 25th day of November------19 91

| Witness | | | A. CORDERO BADILLO, INC. EMPRESAS CORDERO BADILLO By: _____ (L.S.) |
|---|---|---|---|
| Street or P.O. Box | City | State | P. O. Box 458, Cataño, P. R. 00963 |
| Witness | | | SPRINGHOUSE CORPORATION (SUBSIDIARY OF A. CORDERO BADILLO, INC.) By: _____ (L.S.) |
| Street or P.O. Box | City | State | P. O. Box 458, Cataño, P. R. 00963 |
| Witness | | | ATUE REAL ESTATE, S. E. By: _____ (L.S.) |
| Street or P.O. Box | City | State | P. O. Box 458, Cataño, P. R. 00963 |
| Witness | | | _____ (L.S.) |
| Street or P.O. Box | City | State | Street or P.O. Box / City / State |
| Witness | | | _____ (L.S.) |
| Street or P.O. Box | City | State | Street or P.O. Box / City / State |

## CORPORATE RESOLUTION

At a (Regular) (Special) meeting of the Board of Directors of A. CORDERO BADILLO, INC. (hereinafter called Corporation). duly called and held on the 22ND. day of NOVEMBER, 19 91, a quorom being present, the following Preamble and Resolution was adopted:

"WHEREAS, this Corporation has a material and pecuniary interest in having certain bonds issued or to be issued as Principal in said bonds, and has applied or may apply to United Surety & Indemnity Company for bond or bonds.

"WHEREAS, United Surety & Indemnity Company executed or will execute such bond or bonds:

"NOW, THEREFORE, be it resolved that any officer of this Corporation is hereby authorized to execute on behalf of this Corporation any document under such terms and conditions acceptable to the officer of the corporation executing said document on its behalf, including but not limited to Agreements of Indemnity, Assigments, Pledges, and any other document which is required or might be required in the future by United Surety & Indemnity Company as a requisite to, or in connection with, the execution of any bonds. The acts of any officer of this Corporation who may have already executed said documents are to be deemed as the acts of the Corporation and are hereby ratified, and approved as acts of this Corporation".

## CERTIFICATE

I, HAYDÉE PADILLA, Secretary of A. CORDERO BADILLO, INC. having compared the foregoing Preamble and Resolution with the original therof, as recorded in the Minute Book of said Corporation, do certify that the same is a correct and true transcript therefrom, and of the whole of said original Preamble and Resolution. I further certify that said Resolution has not been revoked or modified and is in full force and effect.

Given under my hand and the seal of the Corporation in GUAYNABO, PR this 22ND. day of NOVEMBER, 1991

_____
Haydée Padilla, Secretary

F: USIC-10/91

## CORPORATE RESOLUTION

At a (Regular) (Special) meeting of the Board of Directors of SPRINGHOUSE CORPORATION (SUBSIDIARY OF A. CORDERO BADILLO, INC.) (hereinafter called Corporation). duly called and held on the 22ND. day of NOVEMBER, 1991, a quorom being present, the following Preamble and Resolution was adopted:

"WHEREAS, this Corporation has a material and pecuniary interest in having certain bonds issued or to be issued as Principal in said bonds, and has applied or may apply to United Surety & Indemnity Company for bond or bonds.

"WHEREAS, United Surety & Indemnity Company executed or will execute such bond or bonds:

"NOW, THEREFORE, be it resolved that any officer of this Corporation is hereby authorized to execute on behalf of this Corporation any document under such terms and conditions acceptable to the officer of the corporation executing said document on its behalf, including but not limited to Agreements of Indemnity, Assigments, Pledges, and any other document which is required or might be required in the future by United Surety & Indemnity Company as a requisite to, or in connection with, the execution of any bonds. The acts of any officer of this Corporation who may have already executed said documents are to be deemed as the acts of the Corporation and are hereby ratified, and approved as acts of this Corporation".

## CERTIFICATE

HAYDÉE PADILLA Secretary of SPRINGHOUSE CORPORATION (SUBSIDIARY OF A. CORDERO BADILLO, INC.) having compared the foregoing Preamble and Resolution with the original therof, as recorded in the Minute Book of said Corporation, do certify that the same is a correct and true transcript therefrom, and of the whole of said original Preamble and Resolution. I further certify that said Resolution has not been revoked or modified and is in full force and effect.

Given under my hand and the seal of the Corporation in GUAYNABO, this 22ND day of NOVEMBER, 1991

_____
Secretary

F: USIC-10/91

## CORPORATE RESOLUTION

At a (Regular) (Special) meeting of the Board of Directors of ATUE REAL ESTATE, S. E. (A SPECIAL PARTNERSHIP) (hereinafter called Corporation). duly called and held on the 22ND. day of NOVEMBER 19 91, a quorom being present, the following Preamble and Resolution was adopted:

"WHEREAS, this Corporation has a material and pecuniary interest in having certain bonds issued or to be issued as Principal in said bonds, and has applied or may apply to United Surety & Indemnity Company for bond or bonds.

"WHEREAS, United Surety & Indemnity Company executed or will execute such bond or bonds:

"NOW, THEREFORE, be it resolved that any officer of this Corporation is hereby authorized to execute on behalf of this Corporation any document under such terms and conditions acceptable to the officer of the corporation executing said document on its behalf, including but not limited to Agreements of Indemnity, Assigments, Pledges, and any other document which is required or might be required in the future by United Surety & Indemnity Company as a requisite to, or in connection with, the execution of any bonds. The acts of any officer of this Corporation who may have already executed said documents are to be deemed as the acts of the Corporation and are hereby ratified, and approved as acts of this Corporation".

## CERTIFICATE

HAYDÉE PADILLA, Secretary of ATUE REAL ESTATE, S. E. (A SPECIAL PARTNERSHIP) having compared the foregoing Preamble and Resolution with the original therof, as recorded in the Minute Book of said Corporation, do certify that the same is a correct and true transcript therefrom, and of the whole of said original Preamble and Resolution. I further certify that said Resolution has not been revoked or modified and is in full force and effect.

Given under my hand and the seal of the Corporation in GUAYNABO PR, this 22ND day of NOVEMBER, 1991

_Haydeé Padilla_
Secretary

F: USIC-10/91