# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br> **A. CORDERO BADILLO, INC.** <br> Debtor | **CASE NO. 10-10705(SEK)** <br> **CHAPTER 11** |

## OBJECTION TO MOTION REQUESTING SURRENDER OF NON-RESIDENTIAL PROPERTY

**TO THE HONORABLE COURT:**

COMES NOW Debtor through its undersigned counsel and very respectfully states and requests:

1. On December 3, 2010, Reparto Metropolitando Shopping Center, LLC ("Reparto Metropolitano") filed the motion to which this objection refers (the "Motion"). (Docket No. 39).

2. In the Motion, Reparto Metropolitano makes reference to a non-residential lease agreement between Reparto Metropolitano and Debtor, mistakenly referring to it as having been entered On February 1991, as to premises where Debtor "operates" a supermarket store and further erroneously refers to the lease as having expired.

3. First, the lease referred to by Reparto Metropolitano was entered into by Real Investments, SE, represented by Reparto Metropolitano as lessor and Debtor as lessee, as per deed number twenty five (25) of December 14, 1990 before notary public Edwin Rosas Noya for a term of fifteen (15) years. (**See Exhibit I**).

4. Second, on December 17, 2007, the lease was amended to extend its term to end on January 31, 2016, appearing as lessor North Deck, Ltd., a successor in interest to Real Investment, SE. (**See Exhibit II**).

5. Therefore, at the time of the filing of Debtor's Chapter 11 petition, the lease was in full force and effect.

6. Since Debtor filed its 11 U.S.C. Chapter 11 petition on November 12, 2010, pursuant to 11 U.S.C. §365(d)(4)(A) Debtor has until at least March 12, 2011, to decide if it is to assume or reject the lease now with North Deck, Ltd.

7. Prior to said date, Debtor will make that decision utilizing its business judgment, particularly considering that as part of the liquidation process of its assets, in which Debtor has been involved since prior to the filing of its Chapter 11 petition and will continue with it as part of its Chapter 11 proceedings, Debtor is directed to selling its assets at the Reparto Metropolitano site object of the Motion and in doing so could assume and assign the unexpired non-residential lease contract at bench.

8. Until then, Debtor will comply with its post-petition obligations under the lease as required by 11 U.S.C. §365(d)(5).

9. Whatever occurred in Civil Case No. KPE2010-4001(609) is irrelevant to the matter before the Court since, as admitted by Reparto Metropolitano (North Deck, Ltd.), the proceedings in said case were stayed upon the filing by Debtor of its Chapter 11 proceedings.

10. Reparto Metropolitano's theory, that because Debtor owed it rent at the time of the proceedings in Civil Case No. KPE2010-4001, the lease was terminated, is to say the least absurd, since such a proposition would trump the provisions of 11 U.S.C. §365(a) and (b)(1) as to the lease assignment process.

11. It is settled that an unexpired lease contract becomes property of the estate when it is assumed. *In re G.I. Indus.*, 204 F.3d. 1276, 1280 (9th Cir. 2000); *In re Clay*, 241 B.R. 534 (Bankr. N.D. Tex. 1999).

12. It is the clear policy of the Bankruptcy Code to provide a debtor with breathing space following the filing of a bankruptcy petition, continuing *Enron*, 279 B.R. at 702. As described in detail below, in the context of the Debtor's chapter 11 case, there is no support to stray from the clear policy of Bankruptcy Code and compel assumption or rejection of the lease contract. Much of Debtor's efforts following the commencement of the Chapter 11 case have been devoted to exigent, significant matters address cash and financing matters, among other issues. As a result of this work, however, Debtor is still reviewing and analyzing its contracts. Forcing the Debtor to make a decision at this time would require Debtor to either assume a contract and incur costs associated therewith that might ultimately be to the detriment of the estate or reject the contract thereby losing a potential valuable asset.

13. The burden is on Reparto Metropolitano to establish a compelling reason to shorten the timeframe otherwise available to Debtor. *In re Dana Corp.*, 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006) (citing *In re Republic Techs. Int'l, LLC*, 267 B.R. 548, 554 (Bankr. N.D. Ohio 2001)). In determining whether a compelling reason exists to shorten the assumption or rejection time period, courts consider, among other things:

(a) whether the debtor has had sufficient time to appraise its financial situation and the potential value of the assets in formulating a plan;

(b) whether exclusivity had terminated;

(c) the importance of the contract to the debtor's business and reorganization;

(d) the nature of the interests at stake;

(e) whether the action to be taken is so in derogation of Congress's scheme that the court may be said to be arbitrary;

(f) the purpose of chapter 11, which is to permit successful rehabilitation of debtors;

(g) the balance of hurt to the contract counterparties;

(h) the good to be achieved;

(i) the debtor's failure or ability to satisfy postpetition obligations;

(j) the damage that the contract counterparty will suffer beyond the compensation available under the Bankruptcy Code;

(k) the safeguards afforded to the contract counterparties; and

(l) whether there is a need for judicial determination as to whether an executory contract exists

14. See *Adelphia*, 291 B.R. at 293; Enron, 279 B.R. at 702; *In re Teligent, Inc.*, 268 B.R. 723, 738 (Bankr. S.D.N.Y. 2001). Here, the relevant factors strongly favor preserving the Debtor's right to make its assumption or rejection decision related to the lease contract with Reparto Metropolitano on the normal statutory timetable when the decision is properly considered in the context of the overall chapter 11 case and Debtor has an opportunity to complete their evaluation. Furthermore, Reparto Metropolitano has not established that any of the aforementioned factors applied to its contracts with the Debtor.

15. The lease contract must also be evaluated together with a number of related factors influencing the restructuring of the Debtor's business and plan process. Indeed, in analyzing whether to accelerate a debtor's assumption/rejection

decision, courts often emphasize the effect on the rehabilitative purpose of chapter 11 and Congress' intent to provide debtors latitude to assume or reject contracts under section 365. See *In re G-I Holdings, Inc.*, 308 B.R. 196, 213 (Bankr. D.N.J. 2004) (denying creditor's request for the court to compel the debtor to assume or reject where, among other things, compelling the debtor would not promote or advance a successful rehabilitation until other elements of a plan were negotiated); see also *McLean Indus., Inc. v. Med. Lab. Automation, Inc.* (*In re Mclean Indus., Inc.*), 96 B.R. 440, 449 (Bankr. S.D.N.Y. 1989) ("Early assumption is often not in the best interests of the estate since it can force premature decisions which could later jeopardize a successful reorganization process.").

16. Reparto Metropolitano has failed to establish that it will suffer any harm or that it has a compelling interest for granting the relief it seeks. Accordingly, factors (g)-(k) above also weigh in Debtor's favor. Indeed, Reparto Metropolitano has failed to even address the legal standard applicable to assumption or rejection of the lease contract at this early stage of the chapter 11 case.

17. Reparto Metropolitano is no worse off than any other contract counterparty – indeed, Debtor's budgeting of monthly payments to Reparto Metropolitano may put Reparto Metropolitano in a better position than other contract counterparties. Reparto Metropolitano has not alleged any relevant good from an early assumption or rejection (nor any harm resulting from a later decision), while the relief sought in the Motion could materially hinder Debtor's restructuring. To the extent Reparto Metropolitano simply is attempting to receive payment on account of its potential prepetition claims or force the Debtor to assume the lease contract, Reparto Metropolitano cannot satisfy its burden. See *Adelphia*, 291 B.R. at 296.

18. By contrast, the harm to the Debtor and its estate is clear. Debtor will be deprived of the critically important and highly valuable right under section 365 of the Bankruptcy Code to review the lease contract in the context of the overall case and in the course of assessing its restructuring options. Perhaps more importantly, if Debtor decided to assume the lease contract, but Debtor's reorganization efforts prove unsuccessful, its case may convert to a case under Chapter 7, and Debtor will have created a large administrative expense that would not have been incurred if Debtor had not assumed the lease contract and converted its case to Chapter 7. See, e.g., *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992) ("When a trustee assumes and then rejects an executory contract ... all of the liabilities flowing from that rejection are entitled to priority as an administrative expense of the estate."); *In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1509 n.5 (11th Cir. 1985) ("the breach of an executory contract or unexpired lease assumed under section 365 clearly results in an administrative expense claim").

19. For Debtor to be able to comply with its fiduciary duties to its estate and creditors in a responsible manner, Debtor must conclude the analysis of Reparto Metropolitano's ("North Deck, Ltd.") lease contract, the consequences could be disastrous, in the event that in the future Debtor were to reject the same, since the rejection would result in a considerable administrative claim by Reparto Metropolitano to the detriment of Debtor's estate and its general unsecured creditors.

20. Equally, if Debtor were to hastily reject the lease contract without the completion of the analysis in progress, Debtor could be not acting in the best interest of its estate and its creditors.

21. In the meantime, Reparto Metropolitano is not prejudiced since Debtor will pay Reparto Metropolitano post-petition rent under the terms of the lease contract and as in the case of all other pre-petition creditors is not being paid for its pre-petition claim, pending the results of Debtor's stated evaluation. If Debtor were to assume and assign lease contract, as provided for in section 365(a) and (b) of the Bankruptcy Code, Debtor would have to promptly cure the pre-petition arrears. On the contrary were Debtor to reject the lease contract with Reparto Metropolitano's ("North Deck, Ltd.") pre-petition claim will follow the fate of all other general unsecured creditors, to be dealt with under the provisions of Debtor to be filed plan.

**WHEREFORE**, it is respectfully requested that the Motion be denied.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and to all CM/ECF participants.

San Juan, Puerto Rico, this 20th day of December, 2010.

*s/*__**CHARLES A. CUPRILL-HERNANDEZ**__
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail:  ccuprill@cuprill.com