# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re:** | |
| **A. CORDERO BADILLO, INC.** | **CASE NO. 10-10705(SEK)** |
| **Debtor** | **CHAPTER 11** |

## REVISED MOTION FOR IMMEDIATE SURRENDER OF PREMISES

TO THE HONORABLE COURT:

### REASON FOR REVISION

COMES NOW **PDCM ASSOCIATES, S.E. ("PDCM")**, through its undersigned counsel, and very respectfully alleges, states and prays:

1. On December 24, 2010 (Docket No. 92), PDCM filed a MOTION FOR IMMEDIATE SURRENDER by Debtor, A. CORDERO BADILLO, INC. ("ACB"), of the premises it occupies at Coamo Plaza Shopping Center in Coamo, Puerto Rico.

2. Subsequent to the filing, the undersigned counsel realized that the MOTION had several clerical errors which must be clarified immediately, namely,

   (a) EXHIBIT A must be refiled in full, since the CM/ECF system was refusing to allow the filing of the document as segregated in 15-page sub-exhibits; now, they are being filed as 10-page sub-exhibits;

   (b) In Paragraph 8, the correct amount of check number 233047 is $50,925.00, not 450,925.00;

   (c) EXHIBIT E must be refiled, because the September 24, 2010 letter was not filed as such, because it had been attached to EXHIBIT G;

   (d) EXHIBIT G must be refiled, only to relate to the ACB check received by PDCM on December 22, 2010.

## FACTUAL BACKGROUND

1.　On November 12, 2010 (Docket No. 1), Debtor, A. CORDERO BADILLO, INC. ("ACB"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.　Debtor is not operating any stores, was indebted to secured creditor Citibank $11,746,183.07 as of the filing of the petition, and will be filing a liquidating plan as to its assets. (Docket No. 84, ¶¶9-10).

3.　PDCM is the owner of the Coamo Plaza Shopping Center, a 223,544.73 square meter commercial shopping center in the Municipality of Coamo, in the south of Puerto Rico.

4.　On November 21, 1995, ACB and PDCM, executed a lease contract ("the lease contract"), for premises of approximately 40,000 square feet at the Coamo Plaza Shopping Center. See EXHIBIT A.

　　(a)　The lease contract was for a twenty-year period (Section 2);

　　(b)　The monthly lease payments were set in Section 3;

　　(c)　Section 19 set forth TENANT DEFAULT PROVISIONS, stating that if default shall be made in the due and punctual payment of any rent payable under the lease, and said default shall continue for a period of 30 days after receipt by Tenant of notice from Landlord specifying the default, the lease contract could be terminated.

　　(d)　Section 19 also stated that, after termination of the lease contract, ACB would still liable for any use and occupancy charges for the premises.

5.　On July 13, 2010, PDCM sent a collection letter to ACB, notifying that it was in arrears $228,702.06 under the lease contract, and that unless full payment were received in 30 days from receipt of the notice, the lease contract would be terminated pursuant to Section 19 of the lease contract. See EXHIBIT B. The letter was received by ACB on July 16, 2010. See EXHIBIT

B.

6. On August 23, 2010, PDCM sent ACB a DEFAULT NOTICE, terminating their lease contract for lack of payment of lease charges, including rent, maintenance, insurance and taxes. See EXHIBIT C. The DEFAULT NOTICE was received by ACB on August 25, 2010. See EXHIBIT C.

7. On or about September 15, 2010, PDCM filed an eviction action against ACB, in the Superior Court of Coamo, Civil Case No. B2CI2010-01366. ("the eviction action"). See EXHIBIT D.

8. On September 24, 2010, PDCM received from ACB check number 232141 in the amount of $50,925.87, and check number 233047 in the amount of $50,925.00, which were applied to ACB's use and occupancy of the Coamo Plaza Shopping Center premises. See EXHIBIT E.

9. On November 4, 2010, PDCM received from ACB check number 233292 in the amount of $31,807.83, which were applied to ACB's use and occupancy of the Coamo Plaza Shopping Center premises, as per letter sent on November 5, 2010, and received by ACB on November 10, 2010. See EXHIBIT F.

10. At the time of the filing of the petition,

(a) the eviction action against ACB was still pending;

(b) ACB was still using and occupying the Coamo Plaza Shopping Center premises;

(c) ACB was indebted to PDCM in the amount of $177,939.06 for its use and occupancy of the Coamo Plaza Shopping Center premises. See CLAIM NO. 87.

11. ACB filed its Chapter 11 Schedules on November 12, 2010 (Docket No. 1).

(a) In SCHEDULE F, page 68 of 83, ACB recognizes a $1 debt to PDCM, for its collection of monies action, Civil No. DPE2010-1038, dated September 22, 2010.

(b) In SCHEDULE G, page 3 of 6, ACB states that it has an executory lease agreement with PDCM for 20 years, starting on January 7, 2001, for premises of 40,847 sq. ft. located at Coamo Plaza Shopping Center.

12. ACB amended its Chapter 11 Schedules on December 1, 2010 (Docket No. 35).

(a) In SCHEDULE G, page 5 of 6, ACB states that it has an executory lease agreement with PDCM for 20 years, starting on January 7, 2001, for premises of 40,847 sq. ft. located at Coamo Plaza Shopping Center.

13. On December 22, 2010, ACB sent PDCM a check in the amount of $34,165.82, for its post-petition use and occupancy of the Coamo Plaza Shopping Center premises. See EXHIBIT G.

## MEMORANDUM OF LAW

14. Section 507(a)(1) of the Bankruptcy Code, 11 U.S. C. §507(a)(1) grants first priority to administrative expenses allowed under Section 503(b) of the Bankruptcy Code, which include the actual, necessary costs and expenses of preserving the estate after the <u>commencement</u> of the case.

15. Upon applicable state law, a landlord has a valid claim for eviction, among others, on the following grounds, (1) upon tenant's failure to comply with the payment of rent; (2) upon tenant's failure to comply with material and essential obligations under the lease agreement. *See,* 31 L.P.R.A. §4066.

16. Section 541(a) of the Bankruptcy Code, 11 U.S. C. §541(a), provides that a debtor's estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case. Thus whatever rights a debtor has in the property as of the commencement of a case continue in bankruptcy, no more, no less. *See, <u>In re</u> <u>Diversified</u>*

Washes of Vandalia, Inc., 147 B.R. 23 (S.D. Ohio 1992).

17.    Subsection (b) of Section 541 provides exceptions to the definition of property of the estate. Specifically, Section 541(b)(2) of the Bankruptcy Code, 11 U.S. C. §541(b)(2), provides in part that "property of the estate" does not include "any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the termination of the stated term of such lease before the commencement of the case under this title…"

18.    Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. *See,* In re Policy Realty Corp., 242 B.R. 121 (S.D. N.Y. 1999), citing from Butner v. United States, 440 U.S. 48, 54-55 (1999). The Bankruptcy law directs that the question of "termination" is to be resolved by reference to "applicable nonbankruptcy law" (11 U.S.C. §365). In this context, "applicable nonbankruptcy law" would be Puerto Rico law. Interpretations of a lease are questions of law which depend upon applicable state law, *In re* TAC Group, Inc., 294 B.R. 199, 202 (Bankr. D. Mass 2003).

19.    Section 362(b)(10) of the Bankruptcy Code, 11 U.S.C. §362(b(10), permits PDCM to obtain possession from ACB of the Coamo Plaza Shopping Center premises; it provides in full: the automatic stay does not apply to "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of a stated term of the lease before the commencement of or during a case under this title to obtain possession of such property."

20.    Courts have found that an exception to the automatic stay under §362(b)(10) applied, because the termination notice sent by the landlord constituted an "expiration of the stated term of the lease." *In re* Policy Realty Corp., 242 B.R. at 128.

21.    Due to the termination of its lease under state law, ACB has no executory or

unexpired lease contract with PDCM which it may assume under the Bankruptcy Code. In other words, the terminated lease contract is not property of the estate. *See,* In re Pagoda Intern., Inc., 26 B.R. 18, 20 (Bankr. Md. 1982); In re Opus Corp., 89 B.R. 9, 10 (Bankr. Md. 1988); Robinson v. Chicago Housing Authority, 54 F. 3d 316, 319-22 (7th Cir. 1995); In re Mako, Inc., 102 B.R. 814, 817 (Bankr. E.D. Okl. 1988).

22. Filing of a bankruptcy petition cannot expand debtor's rights against PDCM. Schockbeton Ind, Inc. v. Schockbeton Products Corp., 466 F. 2d 171, 176-177 (5th Cir. 1772).

23. PDCM demands ACB's immediate surrender of the premises it occupies in the Coamo Plaza Shopping Center.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter an order:

(1) finding that the lease contract between ACB and PDCM for the Coamo Plaza Shopping Center premises was terminated by Puerto Rico law prior to the filing of the petition;

(2) finding that the lease contract between ACB and PDCM for the Coamo Plaza Shopping Center premises is not property of the estate;

(3) finding that ACB must surrender to PDCM the premises it uses and occupies at the Coamo Plaza Shopping Center.

**NOTICE**

**WITHIN FOURTEEN (14) DAYS FROM SERVICE OF THIS MOTION, ANY PARTY OBJECTING TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS MOTION WITH THE CLERK'S OFFICE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUEST RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed electronically on this day with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to: **Charles A. Cuprill-Hernández, Esq.,** ccuprill@cuprill.com; **Monsita Lecaroz, Assistant U.S. Trustee,** monsita.lecaroz@usdoj.gov, the members of the UNSECURED CREDITORS COMMITTEE, as follows, **De la Cruz & Asc., Inc.,** jprats@delacruz.com, **Pepsi Cola Puerto Rico Distributing LLC,** Jmaldonado@cabcorp.com, **Mi Pan Asociados, Inc.,** alx_rivera@hotmail.com, **V. Suárez & Co., Inc.,** edgardo.conti@vsuarez.com, **Marvel International, Inc.,** cpajosealvarez@yahoo.com, **Droguería Betances, Inc.,** rrf@dbetances.com, **Kraft Foods Puerto Rico/Cadbury Adams Puerto Rico,** carlos.sotero@kraftfoods.com, and to the parties who have made an electronic appearance in this case, through CM/ECF, including **José F. Cardona Jiménez, Esq.,** jf@cardonalaw.com, **María Vélez Pastrana, Esq.,** mvelezpastrana@gmail.com.

San Juan, Puerto Rico, this 27th day of December, 2010.

                                              s/Sergio A. Ramírez de Arellano
                                              SERGIO A. RAMIREZ DE ARELLANO
                                              Attorney for PDCM
                                              Suite 1133, Banco Popular Center
                                              209 Muñoz Rivera Avenue
                                              San Juan, PR 00918-1009
                                              Tel. (787)765-2988; 764-6392
                                              FAX  (787)765-2973
                                              U.S.D.C. 126804
                                              sramirez@sarlaw.com